OPINION OF THE COURT
Gabrielli, J.
The legal issue squarely presented is whether plaintiff in this automobile negligence action is entitled to summary judgment on the issue of liability, or whether there exist genuine and substantial triable issues of fact which serve to preclude summary judgment. Supreme Court, Suffolk County, granted plaintiff’s motion to strike defendants’ answer and set the case down for a hearing on the issue of damages only, stating that "there are no triable issues of fact”. A majority of the Appellate Division reversed and denied plaintiff’s motion, with one Justice dissenting. Plaintiff now appeals from that nonfinal order, pursuant to leave granted by that court, which certified the following question: "Was the order of this court, dated March 13, 1978, properly made?” For the reasons discussed below, the order appealed from should be affirmed and the certified question answered in the affirmative.
Although there once were significant limitations upon the type of action in which summary judgment was available (see Siegel, New York Practice, § 280), this is no longer true (see CPLR 3212). Indeed, as of January 1, 1979, the final prohibition was removed, and it is now possible for a plaintiff to obtain summary judgment even in a matrimonial action (L 1978, ch 532). That summary judgment is an available remedy *474 in an appropriate negligence case has been accepted since 1959 (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). Summary judgment has been termed a drastic measure, however, since it deprives a party of his day in court and will normally have res judicata effects (see Siegel, New York Practice, § 287). Thus, it may be granted without a trial only if no genuine, triable issue of fact is presented (Werfel v Zivnostenska Banka, 287 NY 91; CPLR 3212, subds [b], [c]). Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination. Only if it can be concluded as a matter of law that defendant was negligent, may summary judgment be granted in a negligence action. The matter before us is not such a case.
The parties are not in disagreement as to the pertinent underlying facts. Plaintiff, defendant Glenn Schmieder, and two other young people who had gathered at a local discotheque decided to travel to a diner several miles away in a car owned by defendant George Schmieder and operated by Glenn Schmieder. Plaintiff sat in the front passenger seat. It was then about 4 o’clock in the morning; the night was clear and traffic was light. Schmieder states that he was quite sober, having had only one drink during the course of the night, and plaintiff does not deny this. The driver had never been at the diner before, and was being given instructions by one of the other passengers. The diner was located on the south side of the highway, and to reach it Schmieder was required to make a left turn off the road. For some reason, not specified in the record, it was impossible to turn directly into the diner. Instead at another passenger’s instructions, defendant made a left turn into the parking lot of a shopping center adjacent to and just past the diner. He then turned left once again, and began to drive across the parking lot towards the diner at a speed of between 20 and 25 miles per hour. There were no other vehicles in the unilluminated and blacktopped parking lot. Defendant states that he was alert and paying attention to his path, and plaintiff does not dispute this. Suddenly, all four persons in the car simultaneously saw something a few feet ahead, and each uttered an appropriate exclamation. Defendant applied the brakes, but was unable to stop before striking an unpainted, concrete divider separating two sections of the *475 parking lot. The divider is variously described as being between 1 foot and 18 inches high, about 6 feet wide, and extending almost the length of the parking lot. As a result of the collision, both plaintiff and defendant were thrown into the windshield, and plaintiff allegedly sustained serious injuries.
Plaintiff now contends that on the basis of these facts, essentially concurred in by all parties, she is entitled to summary judgment on the issue of liability. In other words, plaintiff argues that the actions and omissions of defendant as described above constitute negligence as a matter of law. We disagree. Plaintiff places considerable reliance upon our latest statement in this area of the law, Andre v Pomeroy (35 NY2d 361). Her reliance is apparently based more on the specific result in that case, than on its rationale, and is hence sorely misplaced. There, as here, plaintiff was a passenger in defendant’s car. That, however, is the only significant similarity between the cases. Andre involved an automobile accident in which defendant’s car had run into the rear of the car in front of her. There, defendant admitted that although she was driving in heavy traffic and knew that the other car was in front of her, she nonetheless took her eyes off the road and looked down into her purse for her compact. When she looked back at the road, she found that she had driven too close to the other car, which had either stopped or slowed significantly, and she was unable to avoid striking it. We concluded in that case that in light of the conceded unusual facts it was proper to find as a matter of law that defendant was negligent, and thus to award plaintiff summary judgment.
Andre did not serve as a departure from prior law, nor was it intended as a signal that the prerequisites for a grant of summary judgment had been further modified. Rather, it indicates merely that if the admitted facts are such that no conclusion other than negligence can be drawn, summary judgment is not precluded in a negligence action. We cautioned, however, that even in those negligence cases in which "the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law” (35 NY2d, at p 364). Accordingly, we declared that "when the suit is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence, the defen *476 dant’s conduct fell far below any permissible standard of due care, and the plaintiff’s conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances’ ” (35 NY2d, at pp 364-365, quoting 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03).*
In the instant case, unlike Andre, we cannot say as a matter of law that defendant’s conduct fell far below any permissible standard of due care. Indeed, although not necessarily dispositive, we would note that here plaintiff has failed to suggest any affirmative act or even any articulable omission by defendant which could be characterized as negligent. She has merely made conclusory allegations of undefined negligence. It would appear that plaintiff seeks to have us conclude as a matter of law that there was negligence simply because there was an accident. Such would be contrary to both law and logic. In Andre, the accident was a result of defendant’s conceded action in purposefully looking away from the road while driving in heavy traffic. We had no hesitation in denominating such conduct to be negligent as a matter of law. Here, however, defendant’s negligence, if any, is not as evident. Thus, plaintiff is not entitled to summary judgment.
Accordingly, the order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
Order affirmed, etc.

 It should be noted that contributory negligence upon the part of plaintiff would have barred any recovery by plaintiff in Andre. This is no longer true, since with respect to any cause of action accruing on or after September 1, 1975, any "culpable conduct” by a plaintiff merely diminishes, without precluding, recovery (CPLR art 14-A). The accident in this case took place on November 1, 1975, and would thus appear to fall within the ambit of the statute. Interestingly, counsel for neither party mentioned this, nor did they discuss the possible significance or ramifications of the abolition of the contributory negligence bar upon the third element of the standard we enunciated in Andre. In light of our disposition of this appeal, and the absence of any argument by counsel on this issue, we find it neither appropriate nor necessary to reach it at this time.