■ VOYKA KUTANOVSKI, Respondent, v FRANK DECICCO et al., Appellants.—In a negligence action to recover damages for personal injuries sustained as the result of an automobile accident, the defendants appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 13, 1985, which granted the plaintiff's motion, *inter alia,* for partial summary judgment on the issue of liability and for an immediate trial on the issue of damages.

Order reversed, with costs, motion denied, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiff allegedly suffered personal injuries when the vehicle which she was driving was repeatedly struck by a truck behind her, driven by the defendant DeCicco. DeCicco admitted that he did not see the plaintiff's vehicle until the accident was over, although he had an unobstructed view of the road, and therefore maintained that the plaintiff must have cut in front of him. The plaintiff's affidavit and those of her witnesses who were in the car at the time of the incident alleged that the plaintiff had been driving in her lane when the truck suddenly struck her from the rear, and that the plaintiff had not been at fault in connection with the accident.

A plaintiff in a negligence case will generally be entitled to summary judgment only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct was not involved (as with a passenger in an automobile), or was clearly of exemplary prudence under the circumstances *(Ugarriza v Schmieder,* 46 NY2d 471; *Andre v Pomeroy,* 35 NY2d 361). We cannot say that the defendants' negligence has been proven as a matter of law simply because there was an accident *(see, Ugarriza v Schmieder, supra,* at p 476). Since the record contains conflicting versions as to the manner in which the accident occurred, it was inappropriate for the court to have awarded the plaintiff partial summary judgment *(see, Ugarriza v Schmieder, supra; Lanza v Wells,* 99 AD2d 506; *cf. Andre v Pomeroy, supra),* and a plenary trial is therefore required to resolve the disputed issues of fact. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.