■■■ DOUGLAS J. LANCASTER, Respondent, v LEON G. KERRICK et al., Defendants, and TOWN OF TORREY, Appellant. ROBERT PLOUSE, an Infant, by his Mother and Natural Guardian, RUTH PLOUSE, et al., Plaintiffs, v LEON G. KERRICK et al., Defendants. LEON G. KERRICK et al., Third-Party Plaintiffs-Respondents, v TOWN OF TORREY, Third-Party Defendant-Appellant, and DOUGLAS J. LANCASTER, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The subject actions and third-party actions arise out of a two-vehicle collision which occurred at the intersection of State Route 14 and Nutt Road, a town highway, in the Town of Torrey, Yates County. Traffic proceeding easterly on Nutt Road was controlled by a stop sign, and the record indicates that a vehicle operated by defendant Kerrick entered the intersection from Nutt Road at a speed between 30 and 40 miles per hour. Following joinder of issue, the Town of Torrey moved for summary judgment dismissing the complaint and third-party complaints asserted against it. We conclude that the court erred by denying that motion.

The uncontroverted evidence submitted on the motion indicated that a stop sign was in place on the night of the accident; that the State of New York was responsible for erection of the sign; that town employees had cleared brush and foliage away from the sign a few days before the accident; and that on the date after the accident, the sign was observable from a distance of 591 feet to the west. The papers submitted in opposition to the motion do not reveal why Kerrick entered the intersection at a speed of 30 to 40 miles per hour. The opponents speculate that foliage obstructed the stop sign, but have submitted no evidence disputing the town's proof. Moreover, no evidence has been submitted to suggest that the sign should have been observable for a distance greater than 591 feet.

Summary judgment is rarely granted in negligence cases, principally because whether a party's conduct constituted reasonable care ordinarily is a factual issue for the jury (see,

*Ugarriza v Schmieder,* 46 NY2d 471, 475-476; *Andre v Pomeroy,* 35 NY2d 361). In the subject case, however, the extent of care exercised by the town was not controverted, and the respondents have failed to submit any evidentiary materials sufficient to raise a factual issue regarding the reasonableness of the town's conduct. Mere speculation and unsubstantiated allegations that foliage obstructed the sign are not sufficient to raise a factual issue *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, defendant town's motion for summary judgment of dismissal should have been granted. (Appeal from order of Supreme Court, Yates County, DePasquale, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.