**Eun Bin LIM and Hyun Duk Lim, a/k/a Hyun Duk Kim, Plaintiffs,**

v.

**Barry L. PARENT, Distribution and Transportation Services, Inc., Delta Airlines, and Port Authority of New York and New Jersey, Defendants.**

No. 98 CV 3555 (NG)(SMG).

United States District Court, E.D. New York.

Dec. 17, 2001.

Douglas B. Hannay, Robert Anderson, Hanna & Anderson, Wall, NJ, for plaintiffs.

George McKeegen, McKeegen, McShane & Drago, P.C. New York City, for Delta Airlines and Port Authority.

Arthur Yankowitz, Bree, Yankowitz & Sogin, P.C. Floral Park, NY, for Parent and Distribution and Transportation.

### MEMORANDUM AND ORDER

GERSHON, District Judge.

It is undisputed that on May 13, 1997, a truck driven by defendant Barry L. Parent for defendant Distribution and Transportation Services, Inc. ("D & T") was delivering tires to the Delta Airlines terminal at LaGuardia Airport. As required by Port Authority rules, a Delta pickup truck escorted Parent's truck from the outside gate to the area in the vicinity of Gate 5 behind the passenger terminal. When the truck reached its destination, Delta employees directed it to move its position more toward the adjoining Gate 3 to clear the way for an aircraft that would be arriving at Gate 5. As Parent attempted to do so, his truck collided with the wing of an aircraft parked at Gate 3 that was in the process of boarding passengers. The impact caused the aircraft and the passenger boarding ramp to separate. Plaintiff Eun Bin Lim ("Lim"), ac-

companied by his wife, plaintiff Hyun Duk Lim, was stepping from the boarding ramp to the aircraft and fell to the ground, allegedly sustaining serious physical injury. The defendants have abandoned any claim that any action by Lim contributed to his injuries. Defendant Delta Airlines moves for summary judgment, contending that it did not breach any duty owed to the plaintiffs or to cross-claimants Parent and D & T, that the accident was caused solely by the fault and negligence of the driver, Parent, and that nothing its employees did or failed to do contributed to the accident. Defendant Port Authority moves for summary judgment on the ground that as an out-of-possession landlord whose actions did not contribute to the accident, it is not responsible for the plaintiffs' injuries.

The Port Authority's motion is unopposed, and is granted. The complaint and cross-claims against Port Authority are dismissed.

Delta's motion for summary judgment against the plaintiffs and the cross-claimants is denied. There are material issues of fact for trial concerning how the accident occurred, whether Delta breached its duty to exercise reasonable care, and whether actions and failures to take action by Delta employees were a proximate cause that contributed to the injuries.

■ "In order to establish a *prima facie* case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir.1995). Under New York law, which rejects a special rule of care for common carriers, including air carriers, the carrier must exercise reasonable care under all of the circumstances to ensure the safety of its passengers in boarding and alighting from the aircraft or other vehicle. *Bethel v. New York City Transit Auth.*, 92 N.Y.2d 348, 681 N.Y.S.2d 201, 703 N.E.2d 1214 (1998); *see Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir.1998). "This duty requires the common carrier to exercise care 'which a reasonably prudent carrier of passengers would exercise under the same circumstances, in keeping with the dangers and risks known to the carrier or which it should reasonably have anticipated.'" *Curley*, 153 F.3d at 13, quoting *Lesser v. Manhattan & Bronx Surface Transit Operating Auth.*, 157 A.D.2d 352, 355, 556 N.Y.S.2d 274 (1st Dept.1990), *aff'd sub nom. Fishman v. Manhattan & Bronx Surface Transit Operating Auth.*, 79 N.Y.2d 1031, 584 N.Y.S.2d 439, 594 N.E.2d 933 (1992). There is no question that Delta owed a duty to safeguard the area where the accident occurred, which was under its exclusive control, and that the duty is a broad one that extends to an obligation to take reasonable precautions to protect passengers from dangers which are foreseeable from the use of its property, including dangers from the foreseeable actions of third parties. *Stagl*, 52 F.3d at 467–69.

■ Furthermore, issues of negligence ordinarily are not susceptible to resolution by summary judgment even when, unlike here, the facts are undisputed. "Negligence cases by their very nature do not usually lend themselves to summary judgment, since, often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination." *Ugarriza v. Schmieder*, 46 N.Y.2d 471, 474, 414 N.Y.S.2d 304, 386 N.E.2d 1324 (1979), quoted with approval in *EJS–Asoc Ticaret Ve Danismanlik Ltd. v. American Telephone & Telegraph Co.*, 1993 WL 288289,

at *1 (S.D.N.Y.1993), and *Walker v. Eastern Air Lines, Inc.,* 775 F.Supp. 111, 116 (S.D.N.Y.1991). Similarly, questions of intervening or superseding cause generally are for the jury and only rarely can be decided as a matter of law. *Parsons v. Honeywell, Inc.,* 929 F.2d 901, 905 (2d Cir.1991); *Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 315–16, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980). If the intervening act is foreseeable, the intervenor's actions will not break the chain of causation between a defendant's negligent actions and the plaintiff's injuries. *Derdiarian,* 51 N.Y.2d at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666. "The governing rule in New York has long been settled and is perfectly clear: an intervenor's actions will not break the necessary chain of causation where they are 'a normal or foreseeable consequence of the situation created by the defendant's negligence.'" *Stagl,* 52 F.3d at 473 (quoting *Derdiarian* ).

■ Delta argues that it did not breach any rule, regulation, agreement or customary practice in the manner in which it guided the truck driven by Parent before it collided with the wing of the aircraft. However, viewing the evidence in the light most favorable to the non-moving parties, as is required, Delta was required at all times to escort and guide a truck making a delivery from the time the truck approached the outside gate until it left the terminal area. There is evidence (albeit Delta refers to contrary evidence) that this requirement was designed, not just for security, but also to ensure the safety of other persons, vehicles and aircraft in the busy ramp area behind the passenger terminals. In fact, Section 8(d) of the Lease between Port Authority and Delta requires that Delta control all vehicular traffic on its premises and take all precautions reasonably necessary to promote the safety of its passengers and other persons. Furthermore, Delta's Regional Manager for Line Maintenance at LaGuardia Airport, John Zapata, testified at his deposition that, in his 35 years' experience, he had seen many airplanes get hit by vehicles, including more than 20 times when a vehicle hit a parked aircraft, and that he had seen many such accidents involving collision with the aircraft wing tip, the last time about 1½ to 2 years before this incident, also at the Delta terminal at LaGuardia Airport. *See Stagl,* 52 F.3d at 474 (evidence of prior incidents is relevant and admissible on issues of negligence and causation). The jury thus would be entitled to infer that Delta had a duty to guide the truck at all times and that a collision with an aircraft was a foreseeable consequence of allowing the truck to move from one place at the gate area to another without escorting it. "An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent." *Derdiarian,* 51 N.Y.2d at 316, 434 N.Y.S.2d 166, 414 N.E.2d 666.

Notwithstanding the undisputed testimony presented by Delta that there was no established requirement that a truck moving forward for a short distance be physically guided, as long as contact between the truck and airline personnel was maintained, it is for the jury to determine whether Delta exercised due care in allowing the truck to be so moved while an aircraft boarding passengers was parked in the immediate vicinity. In addition, although Delta points to the testimony of its employee witnesses that Parent ignored their instructions and unexpectedly drove in a reckless manner, making an S turn while going 30 miles per hour, Parent testified to the contrary that he drove slowly and carefully, trying to make a gradual left turn to position his truck to be guided by

Delta personnel back into the newly-designated parking area. According to Parent, the impact occurred while he was trying to maneuver the truck to avoid hitting either baggage carts just to the left of the truck or the aircraft on the right and that, at the moment of impact, he was moving forward while looking in his side mirror to clear the baggage carts and had obviously misjudged his distance from the aircraft. Notwithstanding the driver's belief that he did not need assistance in moving his truck forward, a jury could reasonably conclude that the driver's need for assistance in maneuvering the truck in an area crowded with aircraft, other vehicles and personnel should have been apparent to the Delta employees responsible for escorting the truck, and that Delta acted negligently in failing to guide the truck as it moved its position at the terminal.

Given these factual issues, it cannot be said as a matter of law that Parent's actions are the sole cause of the plaintiffs' injuries, or that negligence by Delta did not contribute to the accident.

### Conclusion

The motion of defendant Delta Airlines for summary judgment is denied. The unopposed motion of defendant Port Authority of New York and New Jersey for summary judgment is granted, and the complaint and cross-claims against it are dismissed.

**SO ORDERED.**