Savall v New York City Tr. Auth. (2019 NY Slip Op 04999)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Savall v New York City Tr. Auth.

2019 NY Slip Op 04999

Decided on June 20, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2019
Friedman, J.P., Richter, Kahn, Singh, JJ.


9670 302008/15

[*1]Guy Savall, Plaintiff-Appellant,
vNew York City Transit Authority, Defendant-Respondent, Rodney Campbell, Defendant.

Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Lawrence Heisler, New York City Transit Authority, Brooklyn, (Alison Estess of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 27, 2018, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff's motion was properly denied in this action for personal injuries sustained in a collision between defendants' bus and plaintiff's vehicle. Triable issues of fact exist as to how the accident occurred since plaintiff and defendant Campbell provided conflicting versions of the accident (see e.g. Hedian v MTLR Corp., 169 AD3d 620 [1st Dept 2019]). Plaintiff's argument that Campbell's version of the accident should be rejected because the affidavit he submitted was a self-serving attempt to defeat summary judgment is unavailing. The discrepancies in the affidavit and Campbell's deposition testimony cited by plaintiff are not so fundamental as to provide a basis for discrediting Campbell's version of the accident.
Furthermore, the motion court did not impose on plaintiff the burden to prove the absence of his own comparative fault (see Rodriguez v City of New York, 31 NY3d 312 [2018]). Rather, the court properly found plaintiff did not conclusively establish that Campbell was negligent. Campbell's version of the accident exonerated him and attributed the accident exclusively to plaintiff's negligence in trying to squeeze between the bus and the stopped cars at the intersection. Thus, it is not a question of whether plaintiff's conduct was also negligent, but there are triable issues of fact as to whether or not Campbell was negligent at all (see Ugarriza v Schmeider, 46 NY2d 471, 474 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 20, 2019
CLERK