**D'Alessio v A.O. Smith Water Prods. Co**

2024 NY Slip Op 30439(U)

February 9, 2024

Supreme Court, New York County

Docket Number: Index No. 190176/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  HON. ADAM SILVERA

*Justice*

PART 13

-------------------------------------------------------------------X

MATTHEW J D'ALESSIO,

Plaintiff,

- v -

A.O. SMITH WATER PRODUCTS CO, AMCHEM PRODUCTS, INC.,AMERICAN BILTRITE INC, BORGWARNER MORSE TEC LLC,BURNHAM, LLC,BW/IP, INC. AND ITS WHOLLY OWNED SUBSIDIARIES, CARRIER CORPORATION, CERTAINTEED CORPORATION, CLEAVER BROOKS COMPANY, INC, DAP, INC.,FLOWSERVE US, INC.,FORD MOTOR COMPANY, GENERAL ELECTRIC COMPANY, GOODYEAR CANADA, INC, HONEYWELL INTERNATIONAL, INC.,ITT INDUSTRIES, INC.,J-M MANUFACTURING COMPANY, INC.,MORSE DIESEL, INC, OWENS-ILLINOIS, INC, PEERLESS INDUSTRIES, INC, PFIZER, INC. (PFIZER), RHEEM MANUFACTURING COMPANY, THE B.F. GOODRICH COMPANY, THE GOODYEAR TIRE AND RUBBER COMPANY, TISHMAN LIQUIDATING CORP, TISHMAN REALTY & CONSTRUCTION CO., INC, TURNER CONSTRUCTION COMPANY, U.S. RUBBER COMPANY (UNIROYAL), UNION CARBIDE CORPORATION, WEIL-MCLAIN, A DIVISION OF THE MARLEY-WYLAIN COMPANY,

Defendant.

INDEX NO. 190176/2018

MOTION DATE N/A

MOTION SEQ. NO. 004

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 254, 256, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER            .

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is denied for the reasons set forth below.

Here, defendant Morse Diesel, Inc. ("Morse Diesel") moves for summary judgment to dismiss this action on the grounds that plaintiff, Matthew D'Alessio ("Mr. D'Alessio") was an employee of defendant Morse Diesel during the time of his alleged asbestos exposure,

190176/2018   D'ALESSIO, MATTHEW J vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 004

Page 1 of 5

prohibiting his claims under New York State Worker's Compensation Law. Moving defendant highlights Mr. D'Alessio's deposition testimony in which he identified himself as defendant Morse Diesel's employee at a jobsite near Brooklyn Law School. Defendant also submits an affidavit from their corporate representative to establish that they carry workers' compensation insurance.

Plaintiff opposes on the basis of an additional affidavit in which Mr. D'Alessio clarifies that his Social Security records indicate that he was mistaken in his belief that he was a direct employee of Morse Diesel.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary

190176/2018   D'ALESSIO, MATTHEW J vs. A.O. SMITH WATER PRODUCTS CO          Page 2 of 5
Motion No. 004

2 of 5

judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Morse Diesel can be found in *Dyer v Amchem Products Inc.,* 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.,* 2023 NYSlipOp 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

Here, the Court notes that Mr. D'Alessio is a lung cancer patient in his 70s and was deposed at a time after his diagnosis with such illness. Despite these circumstances, Mr. D'Alessio provided clear and unequivocal details regarding his work history from approximately sixty years ago, including the locations of worksites, what his role was, and his specific sources of asbestos exposure. A misremembering of whether he was an employee or contracted by another entity at a specific worksite is insufficient to be dispositive of the issue in defendant's favor. The Appellate Division, First Department has affirmed denials of summary judgment in similar instances. In *Koulermos v A.O. Smith Water Prods.*, 137 AD3d 575, 576 (1st Dep't 2016), the court noted that defendant's "contention rested on evidence of plaintiff's inability to remember precisely when he worked at the facility" and stated that "pointing to gaps in an

**190176/2018   D'ALESSIO, MATTHEW J vs. A.O. SMITH WATER PRODUCTS CO**          **Page 3 of 5**
**Motion No.  004**

3 of 5

[* 3]

opponent's evidence is insufficient to demonstrate a movant's entitlement to summary judgment".

Moreover, the appellate court stated that the defendants affirmatively "failed to present evidence...[regarding] when their employees were present at the facility and whether or not those employees used asbestos-containing products". *Id.* Similarly, the First Department noted in *Krok v AERCTO International, Inc., et. al,* 146 AD3d 700, 700 (1st Dep't 2017) that "reliance on the decedent's inability to identify its product as a source of his exposure to asbestos is misplaced" and that "plaintiffs raised an issue of fact by submitting evidence that defendant's asbestos-containing pumps were present on the ship to which the decedent was assigned as a boiler tender fireman." Plaintiffs have met the standard set forth by the Appellate Division to sufficiently raise a question of fact as to whether he was an employee of defendant Morse Diesel. The weight of the evidence is an issue for the trier of fact. For the purposes of summary judgment, plaintiff's affidavit dated Nov. 10, 2021 and Social Security records, which span the years of 1952 through 2016 with no mention of defendant Morse Diesel, raise issues of fact sufficient to deny summary judgment.

Further, defendant Morse Diesel makes no attempt to meet their initial burden on a motion for summary judgment by providing affirmative proof, such as employment records, of Mr. D'Alessio's status as an employee such that the workers' compensation defense would attach.

As defendant Morse Diesel fails to meet its burden, conflicting evidence has been presented herein, and a reasonable juror could decide that Mr. D'Alessio was exposed to asbestos-containing products from his work under moving defendant Morse Diesel as a non-

**190176/2018   D'ALESSIO, MATTHEW J vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No. 004**

[* 4]

employee, and that such exposure could have contributed to his lung cancer, sufficient issues of fact exist to preclude summary judgment.

Accordingly, it is

ORDERED that defendant Morse Diesel's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 02/09/2024 | | | | ADAM SILVERA, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

190176/2018   D'ALESSIO, MATTHEW J vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 004

Page 5 of 5