| |
|---|
| **Tippin v 3M Co.** |
| 2024 NY Slip Op 31150(U) |
| April 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 190062/2021 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                    PART              **13**

*Justice*

--------------------------------------------------------------------X

COREY G. TIPPIN,

                           Plaintiff,

                     - V -

3M COMPANY, ALCAT, INCORPORATED, AMERICAN INTERNATIONAL INDUSTRIES, AVON PRODUCTS, INC.,BOURJOIS, LTD, BRENNTAG NORTH AMERICA, INC, BRENNTAG SPECIALTIES, LLC,BRISTOL-MYERS SQUIBB COMPANY, CHANEL, INC.,CHATTEM, INC.,COLGATE-PALMOLIVE COMPANY, COTY INC.,GLAMOUR INDUSTRIES CO., JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER INC.,KERR CORPORATION, KRYOLAN CORPORATION, L'OREAL USA, INC.,MAX FACTOR CO., INC.,MAYBELLINE, INC.,PFIZER INC.,R.T. VANDERBILT HOLDING COMPANY, INC.,REVLON, INC.,THE NESLEMUR COMPANY, UNION CARBIDE CORPORATION, VANDERBILT MINERALS, LLC,WHITTAKER CLARK & DANIELS, INC.,YVES SAINT LAURENT AMERICA, INC.,BLOCK DRUG COMPANY, INC. IND. AND AS SUCCESSOR-IN-INTEREST TO THE GOLD BOND STERILIZING POWDER COMPANY, A/K/A THE GOLD BOND COMPANY, BLOCK DRUG CORPORATION IND. AND AS SUCCESSOR-IN-INTEREST TO THE GOLD BOND STERILIZING POWDER COMPANY, A/K/A THE GOLD BOND COMPANY, JANSSEN PHARMACEUTICALS, INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO JOHNSON & JOHNSON SUBSIDIARIES NAMED JOHNSON & JOHNSON CONSUMER INC.,JOHNSON & JOHNSON HOLDCO (NA) INC.,F/K/A JOHNSON & JOHNSON CONSUMER INC.,KENVUE INC.,INDIVIDUALLY AND AS SUCCESSOR-ININTEREST TO JOHNSON & JOHNSON CONSUMER INC.,LTL MANAGEMENT LLC

                       Defendant.

--------------------------------------------------------------------X

INDEX NO.              190062/2021

MOTION DATE          01/23/2024

MOTION SEQ. NO.          019

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 019) 1092, 1093, 1094, 1095, 1096, 1097, 1098, 1099, 1100, 1101, 1102, 1103, 1104, 1105, 1106, 1107, 1108, 1109, 1110, 1111, 1112, 1113, 1114, 1115, 1116, 1117, 1118, 1119, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1186, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1194, 1195, 1196, 1197, 1198, 1199, 1200, 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1221, 1222, 1223, 1224, 1225, 1226, 1227, 1228, 1229, 1230, 1231, 1232, 1233, 1234, 1235, 1236, 1237, 1238, 1239, 1240, 1241, 1242, 1243, 1244, 1245, 1246, 1247, 1248,

1249, 1250, 1251, 1252, 1253, 1254, 1255, 1256, 1257, 1258, 1259, 1260, 1261, 1262, 1263, 1264, 1265, 1266, 1267, 1268, 1269, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1279, 1280, 1281, 1282, 1283, 1284, 1285, 1286, 1287, 1288, 1289, 1290, 1291, 1292, 1293, 1294, 1295, 1296, 1297, 1298, 1299, 1300, 1301, 1302, 1303, 1304, 1305, 1306, 1307, 1308, 1309, 1310, 1311, 1312, 1313, 1314, 1315, 1316, 1317, 1318, 1319, 1320, 1321, 1322, 1323, 1324

were read on this motion to/for              JUDGMENT - SUMMARY              .

Upon the foregoing documents, it is ordered that the instant motion for summary judgment pursuant to CPLR 3212 is denied in accordance with the decision below.

Here, defendants Johnson & Johnson ("J&J"), Johnson & Johnson Consumer Inc. ("JJCI"), and LTL Management LLC ("LTL") make a motion for summary judgment seeking to dismiss all claims against it on the basis that plaintiff Corey Tippin ("Mr. Tippin") has not established causation pursuant to *Nemeth v Brenntag N. Am.,* 38 NY3d 336, 342-43 (2022). Moving defendants proffer expert testimony disputing plaintiff's theories of causation regarding cosmetic talc. *See* Johnson & Johnson, Johnson & Johnson Consumer Inc., and LTL Management LLC's Memorandum of Law In Support of Summary Judgment, p. 9.

In opposition, plaintiff offers multiple contradicting expert opinions regarding general causation as well as specific talc simulation studies with "estimates or ranges of the amount of asbestos inhaled during the application of talcum powder." *See* Plaintiff's Memorandum of Law In Opposition to Johnson & Johnson, Johnson & Johnson Consumer Inc. and LTL Management, LLC's Motions for Summary Judgment, p. 42-43.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York*

*University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendants J&J, JJCI, and LTL can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

[* 3]

Here, moving defendants failed to meet their burden on a motion for summary judgment by affirmatively establishing that cosmetic talc from its products could not have caused Mr. Tippin's illness. Rather, moving defendants point to gaps in plaintiff's proof. Moreover, plaintiff has offered conflicting evidence. As such, plaintiff has raised sufficient issues of fact to preclude summary judgment and moving defendants have not met their burden as set forth by the Appellate Division in *Reid* and *Dyer, supra.*

Accordingly, it is

ORDERED that defendants J&J, JJCI, and LTL's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 4/3/2024 | | ADAM SILVERA, J.S.C. |
|---|---|---|
| DATE | | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

APPLICATION: ☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER
☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 4]