| |
|---|
| **Wagner v Aerco Intl., Inc,** |
| 2024 NY Slip Op 31370(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 190169/2021 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ADAM SILVERA                          PART                    13

                                              *Justice*

-----------------------------------------------------------------------X

MICHAEL C WAGNER,

                      Plaintiff,

- v -

AERCO INTERNATIONAL, INC, AMCHEM PRODUCTS, INC., N/K/A RHONE POULENC AG COMPANY, N/K/A BAYER CROPSCIENCE INC, AMERICAN BILTRITE INC, AMERICAN HONDA MOTOR CO., INC. (AHM), ARVINMERITOR, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ROCKWELL AUTOMOTIVE, BMCE INC., F/K/A UNITED CENTRIFUGAL PUMP, BMW OF NORTH AMERICA LLC,CARLISLE INDUSTRIAL BRAKE & FRICTION, INC, CBS CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, DCO LLC F/K/A DANA COMPANIES, LLC,DOMCO PRODUCTS TEXAS, INC, EATON CORPORATION, INDIVIDUALLY AND AS SUCCESSOR -IN-INTEREST TO CUTLER-HAMMER, INC, ECHLIN INC, FORD MOTOR COMPANY, GENERAL ELECTRIC COMPANY, GOODYEAR CANADA, INC, GOULDS PUMPS LLC,HALDEX BRAKE PRODUCTS CORPORATION AS SUCCESSOR IN INTEREST TO GREY ROCK BRAKES, HARSCO CORPORATION, AS SUCCESSOR TO PATTERSON-KELLEY COMPANY, INC., INDIVIDUALLY AND D/B/A PATTERSON-KELLEY, HONEYWELL INTERNATIONAL, INC., F/K/A ALLIED SIGNAL, INC. / BENDIX, ISUZU MOTORS AMERICA, INC, KAISER GYPSUM COMPANY, INC, LEVITON MANUFACTURING CO., INC, LIPE-AUTOMATION CORPORATION, MANNINGTON MILLS, INC, MERCEDES-BENZ USA, LLC,F/K/A MERCEDES-BENZ USA, INC. AND MERCEDES-BENZ OF NORTH AMERICA, INC, MERCURY MARINE, INC, MORSE TEC LLC,F/K/A BORG WARNER MORSE TEC LLC AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION, MR. GASKET COMPANY, NISSAN NORTH AMERICA, INC, PFIZER, INC. (PFIZER), PNEUMO ABEX LLC,SUCCESSOR IN INTEREST TO ABEX CORPORATION (ABEX), STANDARD MOTOR PRODUCTS, INC, SUBARU OF AMERICA, INC, TARKETT INC, TENNECO AUTOMOTIVE OPERATING COMPANY INC, THE B.F. GOODRICH COMPANY, (GOODRICH CORPORATION), THE GOODYEAR TIRE AND RUBBER COMPANY, THE HEIL CO. D/B/A HEIL TRAILER

INDEX NO.            190169/2021

MOTION DATE            01/02/2024

MOTION SEQ. NO.            003

**DECISION + ORDER ON
MOTION**

**190169/2021   WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL**
**Motion No.   003**

Page 1 of 6

[* 1]

INTERNATIONAL, TOYOTA MOTOR SALES U.S.A., INC,
VOLVO CARS OF NORTH AMERICA, UNION CARBIDE
CORPORATION, WEIL-MCLAIN, A DIVISION OF THE
MARLEY-WYLAIN COMPANY,   A WHOLLY OWNED
SUBSIDIARY OF THE MARLEY COMPANY, LLC,

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 251, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, it is ordered that defendant American Biltrite Inc.'s instant motion for summary judgment seeking to dismiss the complaint and all cross-claims against it is denied for the reasons set forth below.

Here, defendant American Biltrite moves for summary judgment seeking to dismiss this action on the grounds that plaintiff's exposure to asbestos from Amtico brand floor tiles during the course of his employment doing floor work from 1963 to the end of August 1966 was of insufficient quantity to have caused plaintiff's illness. Defendant American Biltrite contends that this action must be dismissed as plaintiff is unable to establish specific or general causation. In support, moving defendant proffers, *inter alia*, the 2007 expert report and study of John W. Spencer, an industrial hygienist, finding that exposure to asbestos from Amtico floor tiles, when snapped and scored, would not have exposed plaintiff to higher than normal levels of asbestos.

In opposition, plaintiff highlights plaintiff Michael Wagner's extensive exposure to asbestos from Amtico floor tiles as an apprentice installer during the 1960s when he sanded, snapped, and scored such floor tiles. Further, plaintiff offers conflicting expert opinions regarding plaintiff's exposure to Amtico floor tiles and its causal connection to his

**190169/2021   WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL**
**Motion No.  003**

**Page 2 of 6**

2 of 6

mesothelioma. Plaintiff additionally notes that moving defendant has failed to meet its initial burden. Moving defendant replies.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department, has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

**190169/2021   WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL**
**Motion No.  003**

Page 3 of 6

3 of 6

[* 3]

The appropriate standard at summary judgment for moving defendant American Biltrite can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

In this motion, defendant American Biltrite argues that the 2007 expert report of John W. Spencer sufficiently establishes that plaintiff was not exposed to levels of respirable asbestos which exceeded ambient levels. According to moving defendant, the Appellate Division, First Department, reviewed and considered this exact report in *Dyer*, *supra*, finding that in the 2007 Environmental Profiles, Inc. study, "a worker and a helper… cut, scored/snapped Amtico tiles in an isolation test chamber, simulating an eight-hour 'shift'. Air sample cassettes were attached to the worker and the helper in each of their breathing zones. The fibers collected at the conclusion of the eight-hour study were reportedly less than 0.00044 f/cc (fiber per cubic centimeter). Based upon the results of the 2007 EPI study…[American Biltrite's] experts concluded that the decedent's time weighted average exposure to chrysotile asbestos was below the OSHA eight-hour permissible exposure limit (PEL) of 0.1 f/cc, and also indistinguishable from 0.00000033 f/cc the lifetime cumulative exposure that the general public is exposed to in the ambient air that we all breathe." *Dyer v Amchem Products, Inc.*, 207 AD3d 408, 411 (1st Dep't 2022). The Appellate Division in *Dyer* found that "[t]he 2007 EPI study establishes [defendant American Biltrite's] prima facie case as to specific causation" in that action. *Id.*

**190169/2021   WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL**
**Motion No.  003**

**Page 4 of 6**

4 of 6

[* 4]

Here, plaintiff correctly argues that, although the Appellate Division found this 2007 EPI study to be sufficient to establish entitlement to summary judgment in *Dyer*, the facts of the instant action and the instant plaintiff's exposure to the asbestos in defendant American Biltrite's Amtico tiles differ from the exposure of the plaintiff in the *Dyer* action. The standard for summary judgment is clear, and the facts of each individual action must be applied to the specific proofs provided. In the instant action, defendant American Biltrite has failed to meet its initial burden in unequivocally establishing that its Amtico tiles could not have contributed to causing plaintiff's mesothelioma. The 2007 EPI study has established, and the Appellate Division, First Department, has found in *Dyer* that "the levels of respirable asbestos emitted from the vinyl tiles did not exceed ambient levels" when such tiles were "cut, scored/snapped". *Id.* This study, relied upon by moving defendant, is wholly silent as to the levels of respirable asbestos released from and inhaled by plaintiff when the Amtico tiles are sanded. Plaintiff specifically testified that during his employment, he would use an electric belt sander to sand the Amtico tiles creating asbestos dust which he breathed in. Thus, defendant American Biltrite has failed to meet its burden under *Dyer* and *Reid, supra.* Given that it is undisputed that defendant American Biltrite manufactured or sold asbestos-containing Amtico tiles which exposed plaintiff to asbestos dust, and that moving defendant has failed to unequivocally establish that its Amtico tiles could not have contributed to causing plaintiff's mesothelioma when such tiles were routinely sanded releasing asbestos dust, the instant motion is denied. Moreover, plaintiff has offered conflicting evidence regarding causation, sufficient to raise issues of fact to preclude summary judgment.

Accordingly, it is

190169/2021   WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL
Motion No.  003

Page 5 of 6

5 of 6

ORDERED that defendant American Biltrite's motion for summary judgment is denied in its entirety; and it is further

ORDERD that all parties shall appear in Part 40, room 422 of 60 Centre Street, New York, NY 10007 on May 7, 2024 at 9:30am for trial, and be prepared to proceed with jury selection; and it is further

ORDERED that within 14 days of entry, plaintiff shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

_____
4/19/2024
DATE

_____
ADAM SILVERA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**190169/2021  WAGNER, MICHAEL C vs. AERCO INTERNATIONAL, INC ET AL**
**Motion No.  003**

Page 6 of 6

6 of 6