■ DAUMAN DISPLAYS, INC., Appellant, v PAUL MASTURZO et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered June 4, 1990, which, *inter alia,* granted the individual defendants' motion for summary judgment, unanimously reversed, on the law, summary judgment denied, and the complaint reinstated, without costs.

This case involves an action for moneys due for goods sold and delivered to the corporate defendant AWI Associates Inc., and on the alleged personal guarantees of the individual defendants. The central issues concern whether two agreements, dated October 20, 1988 and January 20, 1989, constituted, as plaintiff contends, modification agreements of a

contract dated March 21, 1988 and whether the individual defendants may be held liable on personal guarantees of payments due to, plaintiff. The individual defendants moved for summary judgment, alleging that they intended for the March 21, 1988 contract to cease to have any effect when the parties entered into the subsequent agreements, and that, as a direct consequence, their guarantees ceased to have effect. The IAS court agreed, summarily holding that the new agreements voided the guarantees contained in the March 21, 1988 agreement, and that "the individual officers cannot be held personally liable."

Plaintiff now contends, correctly, that the IAS court erred when it granted the individual defendants' motion for summary judgment. Issue finding, not issue determination, is the purpose of a summary judgment motion. (See, Assaf v Ropog Cab Corp., 153 AD2d 520, 521 [1st Dept 1989].) Thus, summary judgment is to be granted only when there are no genuine issues of material fact. (Compare, Friedman v Pesach, 160 AD2d 460 [1st Dept 1990].) In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility. (Assaf v Ropog Cab Corp., supra.)

Our examination of the record reveals that there are genuine issues of fact regarding whether the agreements at issue constituted modification agreements or new contracts, and thus whether the individual defendants' guarantees are valid or void. We accordingly reverse, deny the motion for summary judgment, and reinstate the complaint. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.