■ RAFAEL GARCIA et al., Appellants, v J. C. DUGGAN, INC., Respondent.—Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered on December 19, 1990, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross-motion for costs and sanctions for defendant's making of a frivolous and harassing motion, is unanimously modified on the law to the extent of denying defendant's motion for summary judgment and otherwise affirmed, with costs and disbursements.

Plaintiff-appellant Rafael Garcia, who was employed by Capitol Knitting Mills Corp., which hired defendant-respondent J. C. Duggan, Inc., a moving company, to transport some knitting machines from Manhattan to Newark, New Jersey, was supervising Capitol Knitting's part of the job. In that regard, he was engaged in ensuring that the equipment would be put in the proper locations. Duggan's staff was moving each machine, varying in diameter from three to seven feet and weighing up to four thousand pounds, separately by dollie. Duggan's employees removed the machines from the dollies, placed them on the floor and pushed them where they belonged. At one point, plaintiff noticed that one of the machines was not correctly positioned. Duggan's workers purportedly requested plaintiff's assistance in pushing or sliding it across the floor. In the course of helping to move the machine, he supposedly sustained a herniated disk and related injuries, and this negligence action ensued.

Defendant subsequently moved for summary judgment dis-

missal, urging that plaintiff was acting purely as a volunteer when he suffered his injuries and, thus, had no right of recovery. Plaintiffs (his wife is suing for loss of services) rejected the argument that Rafael Garcia had been a volunteer and cross-moved for sanctions for defendant's allegedly making a frivolous motion. However, in granting Duggan's motion to dismiss, the Supreme Court observed that the only thing entailed by plaintiff's responsibility in seeing that the equipment was delivered and properly installed "was pointing out to defendant's workers where each machine was to be placed. When plaintiff went further and actually assisted in the positioning process he was acting as a volunteer. It was not his job nor was it ever contemplated that he would engage in the physical activity which defendant was specifically hired to do. Plaintiff's act of assistance was a totally unforeseeable event for which the defendant cannot be charged with negligence for failure to provide proper equipment or sufficient manpower." The court's conclusion in that respect was in error. The standard for ascertaining whether summary judgment is warranted is well-established. As this court recently stated in *Dauman Displays v Masturzo* (168 AD2d 204, 205, *lv dismissed* 77 NY2d 939): "Issue finding, not issue determination, is the purpose of a summary judgment motion. *(See, Assaf v Ropog Cab Corp.,* 153 AD2d 520, 521 [1st Dept 1989].)* Thus, summary judgment is to be granted only when there are no genuine issues of material fact * * * In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility. *(Assaf v Ropog Cab Corp., supra.)"*

The Court of Appeals noted in *Andre v Pomeroy* (35 NY2d 361, 364), that, while summary judgment is generally appropriate where the facts are uncontested, "this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law" *(see also, Rennie v Barbarosa Transp.,* 151 AD2d 379). The existence of a duty of care by defendant to plaintiff is, of course, a matter of law for the court to resolve *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8, *rearg denied* 72 NY2d 953). Yet the Supreme Court did not hold that defendant had no duty to plaintiff, merely that such duty had not been breached, and, indeed, defendant does not disclaim that it owed a duty of care. An examination of the record herein reveals scant

information concerning the manner in which the delivery and placement of the machines was carried out, whether safety precautions are reasonably necessary and, if so, whether defendant complied with these measures. It is also unclear whether any possible breach of defendant's duty of care was a proximate cause of plaintiff's injuries. Moreover, it can hardly be found as a matter of law that plaintiff was strictly a volunteer in helping to move one of the machines when he, at all times, appeared to have been acting solely in connection with, and in furtherance of, his employment, and his assistance was solicited by defendant's employees. Since there are plainly unresolved questions of fact involved here, defendant's motion for summary judgment dismissal should have been denied. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.