**Desiena v Aerco Intl. Inc.**

2023 NY Slip Op 34541(U)

December 27, 2023

Supreme Court, New York County

Docket Number: Index No. 190459/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA      PART     13

            *Justice*

-----------------------------------------------------------------X

RAYMOND DESIENA,

                       Plaintiff,

               - v -

AERCO INTERNATIONAL INC.,BMCE, INC.,IN ITSELF
AND AS SUCCESSOR TO UNITED CENTRIFUGAL PUMP
CO., CARLISLE INDUSTRIAL BRAKE & FRICTION,
INC.,CBS CORPORATION, A DELAWARE
CORPORATION, F/K/A VIACOM INC.,SUCCESSOR BY
MERGER TO CBS CORPORATION, A PENNSYLVANIA
CORPORATION, F/K/A WESTINGHOUSE ELECTRIC
CORPORATION, CERTAIN-TEED CORPORATION,
CRANE CO., DURR MEGTEC, LLC,EATON
CORPORATION AS SUCCESSOR-IN-INTEREST TO
EATON ELECTRICAL INC. AND CUTLER-HAMMER
INC.,ETHYL CORPORATION, FOSTER WHEELER
ENERGY CORPORATION, GENERAL ELECTRIC
COMPANY, GOSS INTERNATIONAL CORPORATION,
HARRIS CORPORATION, HEIDELBERG USA,
INC.,INDUSTRIAL HOLDINGS CORPORATION F/K/A THE
CARBORUNDUM COMPANY, INGERSOLL-RAND
COMPANY, INTERNATIONAL PAPER COMPANY, JOHN
CRANE INC.,KELSEY-HAYES COMPANY, MANROLAND
GOSS WEB SYSTEMS AMERICAS LLC,METROPOLITAN
LIFE INSURANCE COMPANY, MONTALVO
CORPORATION, NEXEN GROUP, INC.,INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO HORTON
MANUFACTURING COMPANY, INC.,ROCKWELL
AUTOMATION INC.,INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLEN BRADLEY
COMPANY, SCHNEIDER ELECTRIC (USA), INC.,F/K/A
SQUARE D COMPANY, UNION CARBIDE
CORPORATION, WARNER ELECTRIC LLC,JOHN DOE 1
THROUGH JOHN DOE 75 (FICTITIOUS)

                     Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190459/2018 |
| MOTION DATE | 10/10/2023 |
| MOTION SEQ. NO. | 004 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 195, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 216, 217, 236, 273, 275, 289, 290, 291, 293, 294, 301, 302, 305, 306, 307, 308, 375, 383, 384, 385, 386, 387

were read on this motion to/for             JUDGMENT - SUMMARY

[* 1]

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is denied for the reasons set forth below.

Here, defendant L3Harris Technologies, Inc. ("Harris") moves for summary judgment to dismiss this action on the grounds that plaintiff-decedent, Ray Desiena ("Mr. Desiena") did not establish asbestos exposure from any Harris printing presses during his work as a printing press operator from the 1960s-1980s. Moving defendant's motion relies primarily upon challenging Mr. Desiena's testimony which implicates defendant Harris's printing presses as utilizing asbestos-containing parts, specifically, friction brakes manufactured by Airflex. Defendant Harris additionally proffers the affidavit of their corporate representative to indicate that Harris sheet-fed printing presses did not utilize the breaks described by Mr. Desiena. *See* Notice of Motion, Exh. G, Affidavit of George V. Karosas, dated May 16, 2020.

In opposition, plaintiff highlights Mr. Desiena's clear and unequivocal testimony identifying Harris printing presses and his use of Airflex brakes with specifics, including varieties of Harris printing presses that were not sheet-fed, and not addressed by moving defendant's corporative representative. *See* Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant L3Harris Technologies, Inc.'s Motion for Summary Judgment, p. 2-3.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York*

**190459/2018  DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
Motion No. 004

**Page 2 of 4**

2 of 4

[* 2]

*University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Harris can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

190459/2018  DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.                    Page 3 of 4
Motion No. 004

3 of 4

Here, Mr. Karosas' affidavit does not definitively establish that Harris' products could not have contributed to Mr. Desiena's illness. In fact, Mr. Karosas states that he "first became aware of Harris presses in 1984", nearly two decades after Mr. Desiena's reported first exposure to asbestos through printing presses. Karosas Affidavit, *supra*, ⁋ 2. Moreover, Mr. Karosas' affidavit fails to address each type of Harris printing press Mr. Desiena could have been exposed to, and thus, has failed to meet moving defendant's heavy burden at summary judgment to unequivocally demonstrate its inability to have caused plaintiff's injury. *See Reid, supra.*

Furthermore, as conflicting evidence has been presented herein, and a reasonable juror could determine that Mr. Desiena was exposed to asbestos from his work with numerous Harris printing presses in various work environments, and that such exposure could have contributed to his fatal illness, sufficient issues of fact exist to preclude summary judgment.

Accordingly, it is

ORDERED that defendant Harris' motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 12/27/2023 | | | | | ADAM SILVERA, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**190459/2018  DESIENA, RAYMOND vs. AERCO INTERNATIONAL INC.**
**Motion No. 004**

Page 4 of 4

[* 4]