| **Daly v Amchem Prods., Inc.** |
| :---: |
| 2023 NY Slip Op 34539(U) |
| December 27, 2023 |
| Supreme Court, New York County |
| Docket Number: Index No. 190297/2019 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                    PART                    **13**

*Justice*

-----------------------------------------------------------------------X

MARY DALY, AS ADMINISTRATRIX FOR THE ESTATE
OF JOHN B DALY JR. AND MARY DALY, INDIVIDUALL,

                          Plaintiff,

                     - v -

AMCHEM PRODUCTS, INC.,    N/K/A RHONE POULENC
AG COMPANY,    N/K/A BAYER CROPSCIENCE INC,
PARAMOUNT GLOBAL, F/K/A VIACOMCBS INC.,F/K/A
CBS CORPORATION, A DELAWARE CORPORATION,
F/K/A/ VIACOM INC.,SUCCESSOR BY MERGER TO  CBS
CORPORATION, A PENNSYLVANIA  CORPORATION,
F/K/A WESTINGHOUSE ELECTRIC  CORPORATION,
CERTAINTEED CORPORATION, CLEAVER BROOKS
COMPANY, INC, CRANE CO, CRANE CO.
INDIVIDUALLY AND AS SUCCESSOR TO PACIFIC
VALVES, CROSBY VALVE LLC,ELECTROLUX HOME
PRODUCTS, INC.    INDIVIDUALLY, AND AS
SUCCESSOR TO TAPPAN AND COPES-VULCAN,
FISHER CONTROL VALVES, FISHER CONTROLS
INTERNATIONAL, LLC     F/K/A FISHER CONTROLS CO.,
AS SUCCESSOR IN INTEREST TO FISHER GOVERNOR
COMPANY, FLOWSERVE US, INC.   INDIVIDUALLY AND
SUCCESSOR TO ROCKWELL MANUFACTURING
COMPANY, EDWARD VALVE, INC.,NORDSTROM
VALVES, INC.,   EDWARD VOGT VALVE COMPANY, AND
VOGT VALVE COMPANY, FOSTER WHEELER, L.L.C,
GENERAL ELECTRIC COMPANY, GOULDS PUMPS
LLC,IMO INDUSTRIES, INC, LANDIS & GYR, INC, PFIZER,
INC. (PFIZER), ROCKWELL AUTOMATION, INC.,
INDIVIDUALLY, AND AS SUCCESSOR TO ROCKWELL
INTERNATIONAL CORP., NORTH AMERICAN
ROCKWELL, AND ROCKWELL MANUFACTURING
COMPANY, ROCKWELL AUTOMATION, INC.,AS
SUCCESSOR IN INTEREST     TO ALLEN- BRADLEY
COMPANY, LLC,U.S. RUBBER COMPANY (UNIROYAL),
UNION CARBIDE CORPORATION, CONSOLIDATED
EDISON COMPANY OF NEW YORK, INC.,COURTER &
COMPANY INCORPORATED, INDUSTRIAL HOLDINGS
CORPORATION INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO CARBORUNDUM, NORTON PACKO
INDUSTRIAL CERAMICS, INC.,SAINT-GOBAIN
ABRASIVES, INC.,INDIVIDUALLY, AND AS SUCCESSOR
TO NORTON COMPANY,

                        Defendant.

INDEX NO.          190297/2019

MOTION DATE          10/10/2023

MOTION SEQ. NO.          002

**DECISION + ORDER ON
MOTION**

[* 1]

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 120, 121, 122, 123, 124, 125, 126, 127, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 154, 156, 157, 162, 163, 164, 165

were read on this motion to/for          _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is granted for the reasons set forth below.

Here, defendant Crosby Valve, LLC ("Crosby") moves to dismiss this action on the grounds that plaintiff, John B. Daly, Jr. ("Mr. Daly") was not exposed to asbestos from any Crosby product. *See* Memorandum of Law in Support of Crosby Valve, LLC's Motion for Summary Judgment. In opposition, plaintiff highlights Mr. Daly's clear and unequivocal testimony identifying Crosby as a manufacturer of valves containing asbestos-containing parts during the course of his work as a Con Ed mechanic 1974-2012. *See* Affirmation in Opposition to Defendant Crosby Valve, LLC's Motion for Summary Judgment.

Specifically, defendant Crosby's motion is based on Mr. Daly's testimony that he was exposed to asbestos from "flange gaskets" used along with Crosby valves, and not actually manufactured by Crosby. *See* Reply Memorandum of Law of Defendant Crosby Valve, LLC, In Support of Motion for Summary Judgment, p. 3-4.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York*

190297/2019  DALY, JR, JOHN B vs. AMCHEM PRODUCTS, INC.,
Motion No. 002

Page 2 of 5

2 of 5

[* 2]

*University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

Ordinarily, the appropriate standard at summary judgment for moving defendant Crosby in an asbestos action would be that of *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.,* 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary

**190297/2019  DALY, JR, JOHN B vs. AMCHEM PRODUCTS, INC.,**
**Motion No. 002**

**Page 3 of 5**

judgment. However, in the instant motion, defendant Crosby correctly identifies *In re New York City Asbestos Litigation (Dummitt),* 27 NY3d 765, 799 (N.Y. 2016) as the standard governing defendant's liability for solely a third-party product.

The Court finds that Mr. Daly's testimony does not indicate any products manufactured by defendant Crosby, and that moving defendant has provided evidence that such gaskets were not required by Crosby for the use of their valves. Plaintiff's exhibits have been identified as largely withdrawn, irrelevant to Crosby as a manufacturer, or as containing no reference to the asbestos-containing gaskets at issue herein. *See* Reply Memorandum of Law, *supra,* p. 6-8. As such, plaintiff has failed to raise an issue of fact sufficient to defeat summary judgment. Here, plaintiff has not provided sufficient evidence to demonstrate that defendant Crosby was actively involved in the asbestos gaskets at issue herein or "substantially participated" in integrating such gaskets with Crosby-manufactured valves. *See Dummitt, supra.*

Accordingly, it is

ORDERED that defendant Crosby's motion for summary judgment is granted; and it is further

ORDERED that the complaint is dismissed in its entirety as against defendant Crosby with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**190297/2019  DALY, JR, JOHN B vs. AMCHEM PRODUCTS, INC.,**
**Motion No.  002**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that within 30 days of entry defendant Crosby shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 12/27/2023 | | | |
|---|---|---|---|
| DATE | | ADAM SILVERA, J.S.C. | |

CHECK ONE:      ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

               ☒ GRANTED    ☐ DENIED      ☐ GRANTED IN PART      ☐ OTHER

APPLICATION:      ☐ SETTLE ORDER      ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

**190297/2019 DALY, JR, JOHN B vs. AMCHEM PRODUCTS, INC.,**
**Motion No. 002**

Page 5 of 5

5 of 5

[* 5]