**Stiglitz v A.O. Smith Water Prods. Co.**

2024 NY Slip Op 31149(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 190029/2018

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. ADAM SILVERA</u>

*Justice*

| | |
|---|---|
| PART | 13 |

----------------------------------------------------------------------X

MARILYN STIGLITZ,

                    Plaintiff,

- v -

A.O. SMITH WATER PRODUCTS CO, ALGOMA DOOR, INC, ALGOMA HARDWOODS, INC, AMCHEM PRODUCTS, INC.,AMERICAN BILTRITE INC, ANDAL CORPORATION, ARCONIC, INC, CBS CORPORATION, F/K/A VIACOM INC.,CERTAINTEED CORPORATION, CONWED CORPORATION, DAP, INC, EATON CORPORATION, AS SUCCESSOR -IN-INTEREST TO, GENERAL ELECTRIC COMPANY, GOODYEAR CANADA, INC.,H.B. FULLER COMPANY, HOMASOTE COMPANY INC, HUBBELL INCORPORATED, AS SUCCESSOR IN, KARNAK CORPORATION, LEVITON MANUFACTURING CO., INC, MANNINGTON MILLS, INC, MARIO & DIBONO PLASTERING CO., INC, MORSE DIESEL, INC, NORTHROP-GRUMANN CORPORATION, OTIS ELEVATOR COMPANY, OWENS-ILLINOIS, INC, PFIZER, INC. (PFIZER), PUGET SOUND COMMERCE CENTER, INC, SCHNEIDER ELECTRIC USA, INC. FORMERLY KNOWN AS, SEARS, ROEBUCK AND CO, THE B.F. GOODRICH COMPANY, THE GOODYEAR TIRE AND RUBBER COMPANY, TISHMAN REALTY & CONSTRUCTION CO., INC, TURNER CONSTRUCTION COMPANY, U.S. RUBBER COMPANY (UNIROYAL), UNION CARBIDE CORPORATION, US PLYWOOD COMPANY, WEYERHAEUSER COMPANY, WW HENRY CO, DOMCO PRODUCTS TEXAS, INC, NORTHROP GRUMMAN CORP., AS SUCCESSOR TO GEORGE A. FULLER COMPANY, AERCO INTERNATIONAL, INC.,BMCE INC. F/K/A UNITED CENTRIFUGAL PUMP, CARRIER CORPORATION, GOODWIN CONSTRUCTION SERVICES, GOULD PUMPS LLC,GRINNELL LLC,INTERNATIONAL PAPER COMPANY, INDIVIDUALLY AND AS SUCCESSOR TO CHAMPION INTERNATIONAL CORPORATION, AS SUCCESSOR TO UNITED STATES PLYWOOD CORPORATION, ITT LLC., INDIVIDUALLY AND AS SUCCESSOR TO BELL & GOSSETT AND AS SUCCESSOR TO KENNEDY VALVE MANUFACTURING CO., INC.,JENKINS BROS., PEERLESS INDUSTRIES, INC.,PORT AUTHORITY OF NEW YORK AND NEW JERSEY, R.P. BRENNAN, THE FAIRBANKS COMPANY, WEIL-MCLAIN, A DIVISION OF THE MARLEY-WYLAIN COMPANY, A WHOLLY OWNED SUBSIDIARY OF THE

| | |
|---|---|
| INDEX NO. | 190029/2018 |
| MOTION DATE | 10/27/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

190029/2018  STIGLITZ, LOUIS vs. A.O. SMITH WATER PRODUCTS CO
Motion No.  003

Page 1 of 4

1 of 4

MARLEY COMPANY, LLC,

Defendant.

--------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 298, 299, 300, 301, 302, 303, 305 were read on this motion to/for            JUDGMENT - SUMMARY            .

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR §3212, is decided in accordance with the decision below.

Here, defendant Morse Diesel, Inc. ("Morse Diesel") filed the instant motion on the basis that no asbestos exposure attributable to Morse Diesel could have caused plaintiff-decedent Louis Stiglitz's ("Mr. Stiglitz") mesothelioma. Moving defendant submits expert testimony to establish that any of Mr. Stiglitz's asbestos exposure from working in the Pan Am Building (for which defendant Morse Diesel was the general contractor) was insufficient to cause his mesothelioma. *See* Memorandum of Law in Support of Defendant Morse Diesel, Inc.'s Motion for Summary Judgment, p. 10-11. Moving defendant raises other issues for dismissal, including plaintiff's Labor Law 241(6) claim, claim for punitive damages, claim for product liability, and loss of consortium, all of which are unopposed by plaintiff.

Plaintiff opposes on the basis that Mr. Sitglitz's work as a carpenter exposed him to asbestos in the proximity of Morse Diesel laborers or employees and offer conflicting expert testimony. *See* Affirmation in Opposition to Defendant Morse Diesel Inc.'s Motion for Summary Judgment, p. 3-9. Defendant replies, criticizing the expert opinions proffered by plaintiff.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must

190029/2018  STIGLITZ, LOUIS vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 003

Page 2 of 4

[* 2]

make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Morse Diesel can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id.* The Appellate Division, First Department, affirmed this Court's decision in

190029/2018  STIGLITZ, LOUIS vs. A.O. SMITH WATER PRODUCTS CO
Motion No. 003

Page 3 of 4

[* 3]

3 of 4

*Sason v Dykes Lumber Co., Inc., et. al.,* 2023 NY Slip Op 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts'" sufficient to raise a question of fact, and to preclude summary judgment.

Here, moving defendant has failed to affirmatively establish that exposure to asbestos at the Pan Am building as a result of Morse Diesel's work could not have contributed to Mr. Sitglitz's illness. Moreover, plaintiff has offered conflicting expert evidence as to the exposure and in reply, moving defendant largely points to gaps in plaintiff's proof. As such, plaintiff has raised sufficient issues of fact to preclude summary judgment and moving defendant has not met their burden as set forth by the Appellate Division in *Reid* and *Dyer, supra.*

As a reasonable juror could decide that asbestos exposure from Morse Diesel's Pan Am Building worksite was a contributing cause of Mr. Stiglitz's mesothelioma, sufficient issues of fact exist to preclude summary judgment.

This constitutes the Decision/Order of the Court.

Accordingly, it is

ORDERED that defendant Morse Diesel's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve defendants with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 4/4/2024 | | | ADAM SILVERA, J.S.C. | |
|---|---|---|---|---|
| DATE | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**190029/2018 STIGLITZ, LOUIS vs. A.O. SMITH WATER PRODUCTS CO**
Motion No. 003

Page 4 of 4