**Pefanis v A.O. Smith Water Prods. Co**

2024 NY Slip Op 33502(U)

October 2, 2024

Supreme Court, New York County

Docket Number: Index No. 190302/2020

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ADAM SILVERA**                    PART                    **13**

                                          *Justice*

-----------------------------------------------------------------X

JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE
OF ANNA M. BUCZYNSKI,

                                          Plaintiff,

                          - V -

A.O. SMITH WATER PRODUCTS CO, AMCHEM
PRODUCTS, INC.,    N/K/A RHONE POULENC AG
COMPANY,    N/K/A BAYER CROPSCIENCE INC, DAP,
INC, DONALD DURHAM COMPANY, GENERAL
ELECTRIC COMPANY, H.M. ROYAL, INC, PFIZER, INC.
(PFIZER), PECORA CORPORATION, R.T.VANDERBILT
HOLDING COMPANY, INC, SHERWIN WILLIAMS
COMPANY, U.S. RUBBER COMPANY (UNIROYAL),
UNION CARBIDE CORPORATION, WEIL-MCLAIN, A
DIVISION OF THE MARLEY-WYLAIN COMPANY,    A
WHOLLY OWNED SUBSIDIARY OF THE MARLEY
COMPANY, LLC,VANDERBILT MINERALS LLC
INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
INTERNATIONAL TALC COMPANY, INC.,

                                          Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 190302/2020 |
| --- | --- |
| MOTION DATE | 06/11/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214

were read on this motion to/for                    DISMISSAL                    .

Upon the foregoing documents, it is hereby ordered that Defendant DAP, Inc.'s

(hereinafter referred to as "DAP") motion for summary judgment is denied for the reasons set

forth below.

The instant matter is premised upon plaintiff Anna M. Buczynski's alleged exposure to

asbestos as a result of laundering her former husband Anthony Buczynski's clothing. From 1976

to 2000, Mr. Buczynski used DAP's caulking and glazing products in various homes he shared

with plaintiff, as well as for servicing customers of his hardware business. Mr. Buczynski

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**   **Page 1 of 5**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No.  003**

1 of 5

[* 1]

testified that asbestos dust would cover his clothes from work, which he would wear home, and that Ms. Buczynski did the laundry the majority of the time they were married. Plaintiff was subsequently diagnosed with mesothelioma on December 11, 2017, and passed away on March 21, 2018.

DAP moves to dismiss this action on the basis that plaintiff's claim is "speculative" because not all DAP caulks historically contained asbestos, and that plaintiff failed to establish specific causation. *See* Memorandum of Law in Support of Defendant DAP, Inc. k/n/a La Mirada Products Co., Inc.'s Motion for Summary Judgment, p. 11-14. Plaintiff opposes, arguing that moving defendant did not prove that its products could not have caused plaintiff asbestos-related illness and highlighting plaintiff's former husband's testimony, as well as that of plaintiff's experts. Defendant replies and withdraws its speculation argument.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579,

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**          **Page 2 of 5**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No.  003**

[* 2]

2 of 5

580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted).

As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for defendant DAP can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 40 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id*. The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 221 AD3d 491, 492 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts' " sufficient to raise a question of fact, and to preclude summary judgment.

Here, defendant DAP has failed to affirmatively establish that Mr. Buczynski's alleged exposure to asbestos from DAP products could not have contributed to plaintiff's illness. The Court finds that Mr. Buczynski provided unequivocal testimony identifying defendant DAP products as a source of his asbestos exposure. *See* Plaintiff's Affirmation in Opposition to Defendant DAP Inc's Motion for Summary Judgment, p. 4-8. In addition, defendant DAP relies heavily upon three affidavits from a former DAP employee, Ward Treat, to establish that

**190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI**           **Page 3 of 5**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 003**

[* 3]

3 of 5

asbestos was removed from DAP, Inc's entire product lines by 1978. *See* Memorandum of Law in Support, *supra*, Exhs. B, C, and D, Affidavits of Ward Treat dated March 1, 2011, Sept. 16, 2009, and April 15, 2014, respectively. Mr. Treat does not possess the requisite personal knowledge to establish that no DAP products containing asbestos were in circulation and used by Mr. Buczynski. Furthermore, it confirms that some formulations of DAP caulk contained asbestos. Given the unequivocal testimony of Mr. Buczynski, and the conflicting statements of Mr. Treat, sufficient issues of fact exist to preclude summary judgment. *See* Plaintiff's Affirmation in Opposition, *supra*.

As to causation, DAP provides a case-specific expert affidavit and report from Robert C. Adams, CIH, CSP, FAIHA, in which he concludes that "it is highly unlikely that Ms. Buczynski had any asbestos exposures from Mr. Buczynski's use of DAP caulk or glazing products, or from her handling of Mr. Buczynski's dirty work clothing that would have been greater than the ambient background concentrations of asbestos that would be present in the atmosphere." *See* Memorandum of Law in Support, *supra*, Exh. K, Affidavit and Report of Robert C. Adams, MS, CIH, CSP, FAIHA, p. 11, dated February 26, 2024 and December 20, 2023, respectively. Contrarily, plaintiff's expert, Dr. Mark Ginsburg, specifically reviewed plaintiff's exposure to provide causation analysis and concludes that "[Mr. Buczynski's] described exposure to DAP caulking, when he applied, chiseled, removed, and sanded asbestos containing DAP caulking; individually and cumulatively caused Ms. Buczynski's malignant mesothelioma". *See* Plaintiff's Affirmation in Opposition, *supra*, Exh. 11, Report of Dr. Mark Ellis Ginsburg, MD, dated April 19, 2024, p. 27.

As defendant DAP has failed to "establish that its products could not have contributed to the causation of plaintiff's injury" as stated in *Reid v Georgia-Pacific Corp., supra.*, and a

**190302/2020 JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI** **Page 4 of 5**
**vs. A.O. SMITH WATER PRODUCTS CO ET AL**
**Motion No. 003**

[* 4]

4 of 5

reasonable juror could determine that asbestos exposure from DAP products was a contributing cause of plaintiff's illness, sufficient issues of fact exist to preclude summary judgment. Accordingly, it is

ORDERED that defendant DAP's motion for summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| | |
|---|---|
| __10/02/2024__ | |
| DATE | ADAM SILVERA, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

190302/2020   JENNIFER PEFANIS, AS EXECUTRIX FOR THE ESTATE OF ANNA M. BUCZYNSKI      Page 5 of 5
vs. A.O. SMITH WATER PRODUCTS CO ET AL
Motion No.  003

5 of 5