## Fleischman v 84 Lbr. Co.

2024 NY Slip Op 33501(U)

October 2, 2024

Supreme Court, New York County

Docket Number: Index No. 190269/2023

Judge: Suzanne Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SUZANNE ADAMS** | PART 13 |

*Justice*

-----------------------------------------------------------------------------------X

ANTHONY FLEISCHMAN, JOAN FLEISCHMAN,

Plaintiff,

- v -

84 LUMBER COMPANY, A.O. SMITH CORPORATION, AERCO INTERNATIONAL, INC.,AII ACQUISITION LLC F/K/A AII ACQUISITION CORP. F/K/A ATHLONE INDUSTRIES, INC. F/K/A HOLLAND FURNACE CO., AMERICAN BILTRITE, INC.,BMCE INC.,IN ITSELF AND AS SUCCESSOR TO UNITED CENTRIFUGAL PUMP CO., BOSTIK, INC.,BRYAN STEAM LLC,BURNHAM LLC,CANVAS MW, LLC,F/K/A THE MARLEY-WYLAIN COMPANY, LLC,CARRIER CORPORATION INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BRYANT HEATING & COOLING SYSTEMS, CLEAVER-BROOKS, INC.,COLUMBIA BOILER CO OF POTTSTOWN, CONWED CORPORATION, DOMCO PRODUCTS TEXAS INC.,DYKES LUMBER COMPANY, INC.,ECR INTERNATIONAL INC.,INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO UTICA RADIATOR CORPORATION, UTICA BOILERS, INC.,THE UTICA COMPANIES, INC.,AND DUNKIRK RADIATOR CORPORATION, ENERPAC TOOL GROUP CORP. SUCCESSOR-IN-INTEREST TO ACTUANT GROUP, FEDERATED DEVELOPMENT COMPANY, FERGUSON ENTERPRISES, LLC,AS SUCCESSOR TO BLACKMAN PLUMBING SUPPLY COMPANY, INC.,FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GENUINE PARTS COMPANY, HENNESSY INDUSTRIES, LLC,HOMASOTE COMPANY, INDUSTRIAL HOLDINGS CORPORATION F/K/A THE CARBORUNDUM COMPANY, JOHN CRANE, INC.,KAISER GYPSUM COMPANY, INC.,KAMCO SUPPLY CORP., KOHLER COMPANY, LA MIRADA PRODUCTS CO., INC. F/K/A DAP, INC.,LENNOX INDUSTRIES, INC.,M&M HEATING AND PLUMBING INC.,MANNINGTON MILLS, INC.,MORSE TEC LLC,F/K/A BORGWARNER MORSE TEC LLC,AND SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION, PARAMOUNT GLOBAL, F/K/A VIACOMCBS INC.,F/K/A CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC.,SUCCESSOR-BY-MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION, PARK SLOPE HERITAGE DEVELOPMENT CORP. F/K/A

| | |
|---|---|
| INDEX NO. | 190269/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

BERGEN TILE PAINT & LINOLEUM CORP., PECORA CORPORATION, PFIZER INC.,PNEUMO ABEX LLC,SUCCESSOR-IN-INTEREST TO ABEX CORPORATION, F/K/A PNEUMO ABEX CORPORATION, REDCO CORPORATION, F/K/A CRANE CO., SID HARVEY INDUSTRIES, INC.,SIMPSON TIMBER COMPANY, TENNECO AUTOMOTIVE OPERATING COMPANY INC.,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO PULLMAN, INC.; PULLMAN-STANDARD CAR MANUFACTURING COMPANY, INC.; PULLMAN TECHNOLOGY, INC.; AND/OR THE PULLMAN COMPANY, THE GOODYEAR TIRE & RUBBER COMPANY, TILE COUNCIL OF NORTH AMERICA, INC.,UNION CARBIDE CORPORATION, UTICA AVENUE PLUMBING SUPPLY CORP., VANDERBILT MINERALS LLC,WEBSTER PLUMBING SUPPLY INC.,JOHN DOE 1 THROUGH JOHN DOE 75 (FICTITIOUS)

                                  Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 295, 296, 297, 298, 299, 300, 301, 302, 303

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER      .

Upon the foregoing documents, it is

ORDERED that defendant Burnham, LLC's ("Burnham") motion for partial summary judgment on causation grounds is denied as moot, pursuant to the October 2, 2024, email authored by Aris Rotella, Esq., attorney for Burnham, withdrawing that part of the motion which seeks summary judgment on causation grounds; and it is further

ORDERED that the instant motion for partial summary judgment seeking dismissal of plaintiff's claim for punitive damages, pursuant to CPLR § 3212, is denied for the reasons set forth below.

[* 2]

Here, defendant Burnham, LLC ("Burnham") moves for partial summary judgment to dismiss plaintiffs' punitive damages claim on the basis that asbestos exposure from Burnham boilers would fall below TLV or PEL/OSHA limits and per Burnham's lack of workers' compensation claims for asbestos-related disease. *See* Memorandum of Law in Support of Defendant's Burnham, LLC's, Motion for Partial Summary Judgment, p. 16-19.

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853. Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's

burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

Moreover, the Court notes that where a plaintiff provides evidentiary facts tending to show that defendant's warnings were in any way deficient, the adequacy of such warnings are a factual question that should be resolved by a jury. *See Eiser v Feldman*, 123 AD2d 583, 584 (1986). The New York Court of Appeals has also held that "[a] products liability action founded on a failure to warn involves conduct of the defendant having attributes of negligence which the jury may find sufficiently wanton or reckless to sustain an award of punitive damages." *Home Ins. Co. v Am. Home Products Corp.*, 75 NY2d 196, 204 (1990) (internal citations omitted).

Here, plaintiff has proffered evidence that demonstrates defendant Burnham failed to warn plaintiff of the hazards of asbestos. As this Court has previously noted in a prior decision, Burnham's corporate representative has already confirmed that which the evidence reflects: Burnham never placed a warning regarding the hazards of asbestos on any of its boilers. *See Palmieri v. A.O. Smith Water Products Co.*, 2024 WL 99494 (Sup. Ct. New York Co. 2024). Thus, defendant Burnham has failed to demonstrate their prima facie burden that punitive damages are not warranted herein. As a reasonable juror could find that defendant Burnham's knowledge and use of asbestos in their boilers constituted a prioritization of their corporate benefits over plaintiff's safety, issues of fact exist to preclude summary judgment on punitive damages.

Accordingly, it is

ORDERED that defendant Burnham's motion for partial summary judgment is denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this

Decision/Order with notice of entry.

_10/2/2024_
**DATE**

SUZANNE ADAMS, J.S.C.

CHECK ONE: 
| | | | |
|---|---|---|---|
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED   ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |