| |
|---|
| **Johnsen v Massaro** |
| 2025 NY Slip Op 32792(U) |
| August 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150638/2020 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    <u>HON. LESLIE A. STROTH</u>

*Justice*

| | |
|---|---|
| PART | 12M |
| INDEX NO. | 150638/2020 |
| MOTION DATE | 10/28/2024 |
| MOTION SEQ. NO. | 001 |

------------------------------------------------------------------X

STEPHEN C. JOHNSEN, ROSE M. JOHNSEN,

Plaintiff,

- v -

STEPHEN R. MASSARO, METRO INTERIOR
DISTRIBUTORS CORP., THE CITY OF NEW YORK, CITY
OF NEW YORK POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION,

Defendant.

------------------------------------------------------------------X

STEPHEN MASSARO, METRO INTERIOR DISTRIBUTORS
CORP.

Plaintiff,

-against-

E-J ELECTRIC INSTALLATION CO.

Defendant.

------------------------------------------------------------------X

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595095/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 37, 38, 39, 40, 41,
42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for        <u>JUDGMENT - SUMMARY</u>   .

## FACTUAL AND PROCEDURAL BACKGROUND

This personal injury action arises from an accident on February 6, 2019, at the

intersection of East 59th Street and Third Avenue in Manhattan. Plaintiff Michael Johnsen

("Plaintiff"), an employee of Third-Party Defendant E-J Electric Installation Co. ("E-J"), was

working in an elevated bucket attached to an E-J truck while repairing a traffic light. The bucket

was allegedly struck by the exhaust pipe of a tractor-trailer owned by Defendant/Third-Party

Plaintiff Metro Interior Distributors Corp. ("Metro") and operated by Defendant/Third-Party

150638/2020 JOHNSEN, STEPHEN C. vs. MASSARO, STEPHEN R.
Motion No. 001

Page 1 of 4

[* 1]

Plaintiff Stephen R. Massaro ("Massaro"). Plaintiff claims the impact caused the bucket to jolt, resulting in injuries to his knees, neck, shoulders, and spine.

Plaintiff was acting within the scope of his employment for E-J at the time of the incident and received Workers' Compensation benefits. On January 25, 2024, Metro and Massaro commenced a third-party action against E-J asserting claims for common-law indemnification and contribution, alleging, *inter alia*, that E-J failed to properly train Plaintiff. E-J answered and now moves for summary judgment dismissing the third-party complaint in its entirety on the ground that Workers' Compensation Law § 11 bars such claims absent a "grave injury," which is not present here. The instant motion is unopposed.

### Applicable Legal Standards

The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 323 [1986]). Once a party has submitted competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51 NY2d 782, 783 [1980]). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*See Dauman Displays, Inc. v Masturzo*, 168 AD2d 204, [1st Dept 1990]).

Workers' Compensation Law § 11 provides that an employer "shall not be liable for contribution or indemnity to any third person" for injuries sustained by an employee acting within the scope of employment unless the employee sustained a statutorily defined "grave

150638/2020  JOHNSEN, STEPHEN C. vs. MASSARO, STEPHEN R.                    Page 2 of 4
Motion No. 001

2 of 4

[* 2]

injury." "Grave injury" is narrowly defined to include only the specific injuries enumerated in the statute, such as death, total loss or use of a limb, paraplegia, blindness, deafness, or permanent and severe facial disfigurement. The list is exhaustive and not subject to judicial expansion (*Castro v. United Container Mach. Group, Inc.*, 96 N.Y.2d 398, 402–403 [2001]).

Where the record establishes that plaintiff did not sustain a grave injury, and there is no contractual indemnity agreement, common-law indemnification and contribution claims must be dismissed as a matter of law (*Noel v. 336 E 95th Realty, LLC*, 227 A.D.3d 505 [1st Dept 2024]; *Ruisech v. Structure Tone Inc.*, 208 A.D.3d 412, 417–418 [1st Dept 2022]).

DISCUSSION

E-J has met its prima facie burden. Plaintiff's Bill of Particulars, Supplemental Bill of Particulars, deposition testimony, and the independent medical examination reports of Dr. Neil S. Roth, Dr. Jeffrey M. Spivak, and Dr. Matthew Shatzer collectively demonstrate that Plaintiff did not sustain any injury meeting the statutory definition of a "grave injury" under Workers' Compensation Law § 11.

The enumerated injuries in the Bill of Particulars and Supplemental Bill of Particulars, including bilateral knee meniscal tears, cervical radiculitis, lumbar radiculopathy, and shoulder complaints, are not the types contemplated as "grave injury" under Workers' Compensation Law § 11. "Grave injuries" for under Workers Compensation Law § 11 include death, total loss or use of a limb, loss of an index finger, paraplegia, quadriplegia, blindness, deafness, permanent and severe facial disfigurement, or any other category set forth in the statute. All three IME physicians concluded that Plaintiff's complaints were largely attributable to preexisting degenerative conditions and did not result in any permanent total disability within the meaning of the statute.

150638/2020  JOHNSEN, STEPHEN C. vs. MASSARO, STEPHEN R.
Motion No. 001

Page 3 of 4

[* 3]

Here, the documentary evidence, bolstered by medical proof, leaves no doubt that the grave injury exception does not apply.

Because Plaintiff was employed by E-J at the time of the accident and received Workers' Compensation benefits, Workers' Compensation Law § 11 bars the third-party claims for common-law indemnification and contribution. Neither grave injury nor a contractual indemnification agreement are present here, and as such the claims against E-J must be dismissed.

As the motion is unopposed, and there is no evidence raising a material issue of fact, dismissal is warranted.

Accordingly; it is hereby

ORDERED that the motion by Third-Party Defendant E-J Electric Installation Co. for summary judgment pursuant to CPLR 3212 is granted in its entirety; and it is further

Ordered that the Third-Party Complaint of Metro Interior Distributors Corp. and Stephen R. Massaro is dismissed with prejudice.

| 8/13/2025 | | | |
| DATE | | | |

HON. LESLIE A. STROTH
J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150638/2020  JOHNSEN, STEPHEN C. vs. MASSARO, STEPHEN R.
Motion No. 001                                                                 Page 4 of 4

4 of 4

[* 4]